IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TANNER WAR RIDES HORSE, <br><br> Defendant. | CR-14-61-BLG-SPW-CSO <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

A petition alleges that Defendant violated conditions of his supervised release. *Petition (ECF No. 28)*. Judge Watters referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. *Order (ECF No. 30)* (citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a)). *See also* 18 U.S.C. § 3401(I).

On November 1, 2016, the Court conducted the revocation hearing. Defendant admitted all six violations alleged in the Petition. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to 4 months imprisonment followed by 32 months of supervised release.

1

I.   **Background**

The defendant signed the terms and conditions of his supervised release on July 15, 2016. Within a few weeks, he committed his first violation, failing to remain at home as directed so that his probation officer could conduct a home inspection.

As evidenced by the Petition, the defendant's conduct grew increasingly more concerning moving forward. Approximately five weeks into his term of supervised release, he committed his second violation, consuming alcohol at Crow Fair and fighting with a 14-year-old child, breaking the child's nose. Following this incident, the defendant continued to accumulate violations, such as failing to make it to substance abuse treatment and missing urinalysis testing.

II.   **Revocation Hearing**

Defendant appeared at the revocation hearing represented by Lisa Bazant. Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including the necessity of properly objecting to the Findings and Recommendations in order to preserve that right.

The Court accepted Defendant's admissions and proceeded to

sentencing issues. The Court calculated that Defendant's violation grade is C, his criminal history category is II, and the underlying offenses are class C felonies. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 4-10 months incarceration. Defendant could be sentenced to as much as 36 months supervised release, less any incarceration time imposed. Ms. Suek and Ms. Bazant both agreed with those calculations.

Ms. Suek, on behalf of the United States, recommended a sentence of 6 months incarceration and 30 months of supervised release. She noted that Defendant's violation of his release conditions within such a short time after his release from prison coupled with the nature of his violations support her recommendation for 6 months incarceration. Ms. Suek observed that Defendant's missed urinalysis tests likely indicate that he was using or abusing alcohol or controlled substances, and that some of his violations involved criminal conduct. She noted that this behavior must be addressed with a period of incarceration of sufficient duration to impart upon Defendant the seriousness of his supervised release. She finally stated that the

3

United States would be willing to consider a treatment plan to address Defendant's needs should one be proposed.

Ms. Bazant requested a sentence of incarceration of a duration between time already served and a couple of months. She noted that Defendant's sister was murdered brutally within a few weeks of Defendant's release from prison, and that he has continues to grieve this loss. Ms. Bazant acknowledged that Defendant's violations of release conditions constitute a serious breach of trust, but that the breach is somewhat mitigated in light of the grief Defendant has recently endured. She noted that Defendant has merely masked his grief, but needs mental health counseling and treatment to help him deal with it. She said she believes that he can be successful on supervised release. Ms. Bazant finally noted that Defendant's employer speaks extremely highly of him, and offered a letter from his employer as an exhibit. Exhibit A was admitted without objection.

Defendant stated that he fully grasps the consequences of his violations of his release conditions. He noted that his release from prison straight into the community, rather than having a period in a half-way house, was a much harder transition than he had expected it

to be. He said he has been grieving for his sister, but has also been trying to do what is right for his children. He noted that he continually is trying to better himself, but again stated that being out of prison was more difficult than he thought it was going to be. When asked, he suggested a sentence of four months.

### III. <u>Analysis and Conclusions</u>

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 4 months imprisonment followed by 32 months supervised release. No circumstances warrant a departure from the guideline range.

It is clear that the Defendant is unable to remain in the community as he continues to demonstrate an inability to follow the conditions of his supervised release. His substance abuse problems, together with his unlawful conduct, put both him and the community at increased risk of harm. For this reason, it is the recommendation that a sentence at the low end of the guideline range would be sufficient, but not greater than necessary to demonstrate the importance of compliance with Court-ordered conditions. A four-month custody

sentence should provide adequate consequence for the violations, and also provide sufficient deterrence to future non-compliant behavior.

Defendant was advised that the above sentence would be recommended to Judge Watters. The undersigned instructed Defendant that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to do so.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the Standard Condition that he answer truthfully all inquires by the probation officer and follow the instructions of the probation officer. On 8/11/2016, the defendant was told by his probation officer to remain at his residence so a home inspection could be conducted. He failed to remain at home as directed.

2. Defendant violated the Special Condition that he abstain from the consumption of alcohol. On 9/13/2016, the defendant admitted in an interview with his probation officer he had consumed alcohol at Crow Fair on or about 8/21/2016, which later resulted in him fighting a 14-year-old juvenile and breaking his nose.

3. Defendant violated the Mandatory Condition that he shall not commit another federal, state or local crime. On or about 8/29/2016, the defendant was given a citation by an officer of the Billings Police Department for Driving With a Suspended License, No Proof of Liability Insurance, and

Failure to Have a Child Under Six Years of Age Properly Restrained. The defendant failed to contest the allegation of Failure to Have a Child Under Six Years of Age Properly Restrained within 14 days. As a result, he was found Guilty by default and fine $110 for this offense. On 9/15/21016, the defendant appeared in Municipal Court on the other two charges and pled Not Guilty.

4. Defendant violated the Special Condition that he shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until he is released from the program by his probation officer. On or about 9/12/2016, the defendant failed to appear for a scheduled substance abuse counseling session with Inner Journeys. The defendant had not made prior arrangements with his therapist, nor did he have prior approval by the undersigned officer to miss this appointment.

5. Defendant violated the Special Condition that he participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch tests annually during the prior of supervision. On or about 9/16/2016, the defendant failed to appear for a random urinalysis test with Alternatives Inc. The defendant had not been given prior approval by his probation officer to miss the test.

6. Defendant violated the Special Condition that he participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch tests annually during the prior of supervision. On or about 9/25/2016, the defendant failed to appear for a random urinalysis test with Alternatives Inc. The defendant had not been given prior approval by the undersigned officer to miss this test.

Accordingly, **IT IS RECOMMENDED** that:

The Court should revoke Defendant's supervised release and sentence Defendant to 4 months imprisonment, followed by a 32-month term of supervised release, as follows:

Pursuant to the Sentencing Reform Act of 1984, and after considering the statutory maximum, the Chapter 7 Policy Statements and Guideline range and all the circumstances of the current violations, it is the judgment of the Court, that the defendant, **TANNER WAR RIDES HORSE**, be committed to the custody of the United States Bureau of Prisons for a term of **4 months**. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **32 months**. Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the

completion of the period of supervision unless granted relief by the Secretary of the Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court. The defendant shall also comply with the following special conditions:

| Condition | Condition Description |
|---|---|
| 1 | The defendant shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office. |
| 2 | The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only. |
| 3 | The defendant shall participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch tests annually during the period of supervision. The defendant shall pay all or part of the costs of testing as directed by the United States Probation Office. |
| 4 | The defendant shall not ingest or inhale any toxic substances such as, but not limited to, synthetic marijuana and/or synthetic |

stimulants that are not manufactured for human consumption, for the purpose of altering their mental or physical state.

5   The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription. This condition supersedes standard condition number 7 with respect to marijuana only.

6   The defendant shall submit their person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected contraband for further examination.

7   The defendant shall participate in a program for mental health treatment as deemed necessary by the United States Probation Officer, until such time as the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office.

8   The defendant shall make a good faith effort to obtain a G.E.D. or high school diploma within the first year of supervision.

9   The defendant shall provide the United States probation office with any requested financial information and shall incur no new lines of credit without prior written approval of the United States Probation Office.

10  The defendant shall comply with Violent Offender Registration requirements for convicted offenders in any state in which the defendant resides.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Watters will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Watters may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Watters, and may waive the right to appear and allocute before Judge Watters.

DATED this 1st day of November, 2016.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge